In the Matter of HARRY S. DOLOWICH, an Attorney, Respondent.

First Department, February 7, 1936.

*S. C. Lewis* of counsel [*Einar Chrystie,* attorney], for the petitioner.

*Leo Guzik,* for the respondent.

MARTIN, P. J. The respondent was tried in the Court of Special Sessions on February 16, 1932, and found guilty of having, in concert with one Kaplan, unlawfully and wrongfully coerced one Philip Hertz into becoming a member of the Standard Syrup Corporation,

by threatening to injure and destroy the business and property of said Hertz, in violation of section 530 of the Penal Law. The judgment of conviction was affirmed by this court and the Court of Appeals. (236 App. Div. 795; 262 N. Y. 507.) The respondent served his sentence.

Upon petition of the Bar Association that respondent's conduct called for disciplinary action, the matter was sent to an official referee. Hearings were had at which opportunity was afforded respondent to adduce testimony additional to that involved in the criminal action in support of his defense that his activities were legitimate and that Hertz voluntarily became a member of the corporation. He signally failed to establish said defense. The evidence shows that the respondent coerced Hertz into joining the Standard Syrup Corporation. The latter was one of a group of corporations organized and operated for the purpose of levying tribute upon those engaged in the syrup business in Manhattan, Brooklyn and the Bronx, ostensibly through the sale of stock, but actually by the payment of an initiation fee of $100 and weekly contributions thereafter of six dollars. The method of coercion was to trail deliveries to customers of those who refused to join, and then threaten to sell syrup to such customers below the current market. An attempt is made to justify this conduct by the following statement in the brief now submitted to this court in behalf of the respondent: " The threat charged to respondent was not a threat of an *unlawful* act, but was the threat of a *lawful* act; for concededly the charge is that respondent threatened merely to undersell Hertz unless he bought stock in the corporation; there was nothing unlawful about underselling in itself and it was a perfectly legal act. The question then arises as to whether or not a threat to do a legal act for the purpose of compelling somebody to act against his will, constituted a crime."

This argument is based upon the assumption that, although the evidence established the threats, prior to the decisions of this court and the Court of Appeals in the criminal action against respondent, the law was not clear that an unlawful end could not be justified by the use of lawful means in attaining it. There is, however, no possible basis for any such assumption that the law was unsettled in the aforesaid respect prior to respondent's conviction. There is, furthermore, not even a colorable basis for the argument, because neither the Standard Syrup Corporation nor any of the allied corporations was engaged in legitimately selling syrup to the trade. Syrup was sold only as a subterfuge and in execution of threats to undersell to the customers of those who did not immediately acquiesce in the demand to join the aforesaid organization. The

argument not only evidences a strange view of the law, but comes with ill grace from an attorney whose concept of the ethics of his profession is in issue.

The respondent should be disbarred.

McAvoy, O'Malley, Townley and Glennon, JJ., concur.

Respondent disbarred.